CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD A. JASPER, <br> A.K.A. WILLIAM A. JASPER, <br> Plaintiff, | ) <br> ) <br> ) Civil Action No. 7:08cv00044 <br> ) |
| v. | ) MEMORANDUM OPINION <br> ) |
| R. DEEL, et al., <br> Defendants. | ) By: Hon. Glen E. Conrad <br> ) United States District Judge |

Plaintiff Edward A. Jasper, also known as William A. Jasper, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $200,000.00 for claims arising out of incidents on August 11, 2006, at Red Onion State Prison, in Pound, Virginia. Plaintiff, whose true name is "William A. Jasper," filed the complaint using the name "Edward A. Jasper."[1] As plaintiff has not submitted the necessary prepayment of the $350.00 filing fee, the court will construe his pleading as a request to proceed in forma pauperis and will deny that request, and the court will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints

---

[1] Plaintiff's name is "William Antoine Jasper," but he often files complaints in the federal courts using the name "Edward Antoine Jasper." Additionally, his Virginia Department of Corrections ("VDOC") identification number is "290522," but his complaints often state that his identification number is "225092," which is the reverse of his VDOC identification number. Assuming plaintiff's artfulness is not an attempt to circumvent his ineligibility to proceed without full prepayment of the filing fee, it is nonetheless not well-taken. Plaintiff is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 Fed. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Plaintiff is hereby warned that future malicious and abusive filings will result in the imposition of a pre-filing review system. Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the court that are not made in good faith will be summarily dismissed as malicious. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings, and plaintiff may be subjected to the imposition of monetary sanctions. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore, plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

---

[2] As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D. Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (wherein plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, the following claims were dismissed, after the assessment of plaintiff's status as a "three striker," for plaintiff's failure to prepay the filing fee in full: Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005); Jasper v. King, et al., 1:05cv00446 (E.D. Va. July 31, 2005); Jasper v. Lyle, et al., 1:05cv00488 (E.D. Va. July 31, 2005). After the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Fugate, 7:08cv00014 (W.D. Va. January 15, 2008); Jasper v. Mullins, et al., 7:07cv00497 (W.D. Va. November 8, 2007); and Jasper v. Fugate, 7:07cv00556 (W.D. Va. November 29, 2007).

[3] Plaintiff states that, on August 11, 2006, he flooded his cell and, in the course of the ensuing cell extraction, he was "assaulted." On September 19, 2006, plaintiff's institutional grievance regarding the matter was rejected as having been filed outside the 30 calendar day filing period. (A September 8, 2006, staff response to plaintiff's informal complaint stated that a video of the extraction had been reviewed, that plaintiff had not been assaulted, and that plaintiff, subsequent to the cell extraction, was "placed [in a] security strip cell due to [his own] threats.") The complaint was signed and dated January 21, 2008, was postmarked January 22, 2008, and was docketed by the court on January 23, 2008. Given these facts, the court finds that plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm. And, assuming arguendo that plaintiff's allegations did suggest that he faces "imminent" danger of "serious" physical harm, it appears that plaintiff failed to properly and fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Fourth Circuit
(continued...)

Case 7:08-cv-00044-GEC-mfu   Document 2   Filed 01/25/08   Page 2 of 3   Pageid#: 37

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 25th day of January, 2008.

/s/ Jackson L. Kiser
United States District Judge

---

⁴(...continued)
Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)." Therefore, the court will not give plaintiff additional time to pay the filing fee.